[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11939
Non-Argument Calendar
_____

D.C. Docket No. 2:91-cr-00018-WCO-JCF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN MICHAEL JOHNS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 21, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Michael Johns appeals his sentence of 24 months' imprisonment, imposed after the revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e).  On appeal, Johns argues that his sentence was substantively unreasonable because the district court failed to consider the impact that his serious health condition would have on his ability to commit future crimes.  He further argues that the district court failed to consider the impact that the federal detainer, issued with respect to the revocation of his supervised release, had on the state prison sentence that he was serving at that time.

We review the district court's revocation of supervised release for an abuse of discretion, and the sentence imposed upon the revocation of supervised release for reasonableness.  *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  We also review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 447 (2007).  The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(e)(3).  Those factors include:

(1) the nature and characteristics of the defendant; (2) the need to deter criminal conduct; (3) public protection; (4) the need to provide the defendant with medical care or other correctional treatment in the most effective manner; (5) the applicable guideline range; (6) the pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims. *Id.*; 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). When the felony that resulted in the term of supervised release is a class C felony, 24 months is the maximum term of imprisonment the court may impose. 18 U.S.C. § 3583(e)(3).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A court can abuse its discretion when it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). However, a court is not required to explicitly state that it has considered each of the § 3553(a) factors or detail the weight accorded to each factor. *United States v. Garza-Mendez*, 735 F.3d 1284, 1290 (11th Cir. 2013), *cert. denied*, 135 S.Ct. 54 (2014); *see also United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Johns's sentence of 24 months' imprisonment was substantively reasonable because the district court properly considered the relevant § 3553(a) factors. Although Johns argues that the court's concern with recidivism was overemphasized because his poor health would impede his ability to commit future crimes, it was within the court's discretion to determine the proper weight to give his extensive criminal history. *See Clay*, 483 F.3d at 743. Moreover, Johns's serious health condition and the availability of medical treatment at the prison facility were proper sentencing factors for the court to consider. *See* 18 U.S.C. §§ 3553(a)(2)(D) and 3583(e). Finally, while Johns argues that the district court failed to consider the purported effect of the federal detainer on his time in state custody, the court need not explicitly discuss each factor on the record. *See Garza-Mendez*, 735 F.3d at 1290.

Upon review of the record and careful consideration of the parties' briefs, we affirm.

**AFFIRMED.**